UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------X
ANDREA STASKOWSKI,

        Plaintiff,

            **OPINION & ORDER**
            05-CV-5984 (SJF)
       (WDW)
  -against-

COUNTY OF NASSAU, NASSAU COMMUNITY
COLLEGE, JOHN C. OSTLING, LINDA SUSMAN,
RUTH GOLDFARB, ESTHER BOGIN, FRAN GULINELLO,
JILL BURGREEN, JILL COHEN and ANN MUTH,

        Defendants.
---------------------------------------------------------X
FEUERSTEIN, J.

I. Introduction

  Plaintiff Andrea Staskowski ("Plaintiff") commenced this action on December 22, 2005, against defendants the County of Nassau, Nassau Community College ("the College"), and individual defendants employed by the College acting in their official and individual capacities (collectively "Defendants").

  Plaintiff alleges violations of due process and equal protection of the law under the United States Constitution in violation of 42 U.S.C. §§ 1983 and 1985 and breach of the collective bargaining agreement between the College and Nassau Community College Federation of Teachers, of which Plaintiff is a member. Defendants now move for dismissal pursuant to Fed. R. Civ. P. 12(b)(6). For the reasons set forth below, Defendants' motion is granted as to the claims against the College and the individual defendants employed by the College acting in their official capacities that are foreclosed by New York State's sovereign

1

immunity. Defendants' motion is otherwise denied.

II.     Analysis

The College is a part of the State University of New York ("SUNY") system. SUNY and the individual defendants, acting in their official capacities, enjoy New York State's sovereign immunity from suit under the Eleventh Amendment of the United States Constitution. Dube v. State Univ. of New York, 900 F.2d 587, 594 (2d Cir. 1990); Garcia v. State Univ. of New York Health Science Ctr. of Brooklyn, 280 F.3d 98, 107 (2d Cir. 2001). There are two exceptions to a State's sovereign immunity: 1) waiver by consent to suit. Coll. Sav. Bank v. Florida Prepaid Postsecondary Educ. Expense Bd., 527 U.S. 666, 670 (1999) (citing Clark v. Barnard, 108 U.S. 436, 447-448 (1883)), and 2) Congressional abrogation of sovereign immunity pursuant to its enforcement powers under Section 5 of the Fourteenth Amendment. Id. (citing Fitzpatrick v. Bitzer, 427 U.S. 445, 456 (1976)). Neither of these exceptions are present here.

A. Section 1983 Violations

Plaintiff's claims pursuant to 42 U.S.C. § 1983 for monetary damages against the College and the individual defendants acting in their official capacities are foreclosed by New York State's sovereign immunity, as the Congress did not evince any intent to deprive the states of their immunity in enacting that provision. Howlett v. Rose, 496 U.S. 356, 365 (1990). Accordingly, to the extent Plaintiff seeks compensatory and punitive damages against the College and the individual defendants acting in their official capacities, the claims are dismissed.

Defendants' motion to dismiss Plaintiff's claim pursuant to 42 U.S.C. § 1983 for

injunctive relief against the College and the individual defendants acting in their official capacities is denied. Defendants' motion to dismiss Plaintiff's claims against the County of Nassau and the individual defendants acting in their individual capacities is also denied.

B. Section 1985 Violations

A state and its instrumentalities are not "persons" subject to suit pursuant to 42 U.S.C. § 1985. Sandoval v. Department of Motor Vehicles State of New York, 333 F. Supp. 2d 40, 44 (E.D.N.Y. 2004) (citing O'Diah v. New York City, No. 02-CIV-274, 2002 WL 1941179, at *6, (S.D.N.Y. Aug. 21, 2002)). Accordingly, Plaintiff's claims pursuant to 42 U.S.C. § 1985 against the College and the individual defendants acting in their official capacities are dismissed.

Defendants' motion to dismiss Plaintiff's claims pursuant to 42 U.S.C. § 1985 against the County of Nassau and the individual defendants acting in their individual capacities is denied.

C. Breach of Contract

Congress has not attempted to abrogate States' sovereign immunity with respect to pendent claims arising under state law, Raygor v. Regents of the Univ. of Minn., 534 U.S. 533, 540-41 (2002), and the State of New York has not consented to claims for damages against it in the federal courts. See Sinhogar v. Parry, 53 N.Y.2d 424, 431 (1981) ("[C]laims against the State and its officers acting in their official capacity are cognizable only in the Court of Claims."). Accordingly, Plaintiff's claims for breach of contract against the College and individual defendants acting in their official capacities are dismissed.

Defendants' motion to dismiss Plaintiff's claims for breach of contract against the County of Nassau and the individual defendants acting in their individual capacities is denied.

IV. Conclusion

For the reasons set forth above, Defendants' motion to dismiss is GRANTED in part and otherwise DENIED.

IT IS SO ORDERED

_____
Sandra J. Feuerstein
United States District Judge

Dated: November 16, 2006
Central Islip, New York

Copies to:

Alan E. Wolin
Wolin & Wolin, Esqs.
420 Jericho Turnpike
Suite 215
Jericho, NY 11753

Julie A. Torrey
Ingerman Smith, LLP
150 Motor Parkway
Suite 400
Hauppauge, NY 11788