```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREA STASKOWSKI,
                        Plaintiff(s),
                                                        **REPORT AND
                                                        RECOMMENDATION**

          -against-                                     CV 05-5984 (SJF) (WDW)

COUNTY OF NASSAU, et al.,
                        Defendant(s).
------------------------------------------------------------X
```

**WILLIAM D. WALL, United States Magistrate Judge:**

Before the court, on referral from District Judge Feuerstein, is the plaintiff's motion to amend the complaint to add Nassau County Community College President Sean Fanelli as a defendant in his individual capacity, and to add a claim for intentional infliction of emotional distress against all defendants. For the reasons set forth herein, the undersigned recommends that the motion be granted in part, as to the addition of President Fanelli, and denied in part, as to the addition of the claim for intentional infliction of emotional distress.

## BACKGROUND

Plaintiff, Andrea Staskowski, is a tenured professor at defendant, Nassau Community College ("NCC"). On September 2, 9, and 13, 2004, Staskowski was absent from class and allegedly did not inform NCC of her intended absence in a timely manner so that it could secure substitutes for her classes. Staskowski claims that her absences were attributable to her severe chronic sinusitis. On September 14, 2004, Staskowski received a memo from the Personnel and Budget Committee of NCC ("P&B Committee") cautioning her about her absences and lateness. On September 23, 2004, Staskowski was again absent. On September 27, 2004, Defendant John Ostling, Vice President of Academic Affairs at NCC, issued a written warning to Staskowski

warning her that any future failure to teach her class without lateness or absenteeism would result in disciplinary action being taken against her.

Subsequently, on September 20, 2004, the P&B Committee advised Sean Fanelli, the President of NCC, that it was requesting dismissal of Staskowski under Section 47 of the collective bargaining agreement between NCC and the Nassau Community College Federation of Teachers ("NCCFT"), of which Staskowski is a member. On October 1, 2004, Staskowski received a letter from Defendant Ostling that stated, "[E]ffective immediately, you are suspended, with pay, from your teaching and all other faculty responsibilities at Nassau Community College. As such, you are not to be on campus without my authorization." Plaintiff contends that because she was not provided a hearing prior to this suspension, NCC violated her constitutional right to due process.

Plaintiff concedes that Defendants did conduct an investigation, conducted by Defendant Muth, of the charges alleged in the P&B Committee's request for dismissal but alleges that because this investigation took place after she was suspended with pay that the NCC still violated her procedural due process rights. Additionally, Staskowski alleges that the P&B Committee did not consider the documentation she provided to rebut the charges put forth in the request for dismissal.

In a letter dated November 22, 2004, President Fanelli advised Staskowski that as a result of Defendant Muth's investigation he found probable cause for plaintiff's dismissal. At the time the original complaint was filed, there was no final disposition of the charges against

Staskowski.[1]  The original complaint named NCC, the County of Nassau, John Ostling, Vice President of Academic affairs, Ann Muth, Associate Dean for Academic Affairs, and Linda Susman, Ruth Goldfarb, Esther Bogin, Fran Gulinello, Jill Burgreen, and Jill Cohen, each members of the P&B Committee.  All named defendants were sued both individually and in their official capacities.  Staskowski alleged that the defendants violated her procedural and substantive due process and equal protection rights and engaged in a conspiracy to interfere with those rights under 42 U.S.C. §§1983, 1985 as well as alleging a breach of contract claim brought under the Court's supplemental jurisdiction.  For her injuries, Staskowski requested injunctive, declaratory, and monetary relief.

In an order issued November 16, 2006, District Judge Feuerstein dismissed Plaintiff's §1983 and §1985 claims for punitive and compensatory damages, as well as her breach of contract claims against NCC and the individual defendants acting in their official capacities.  However, Judge Feuerstein denied Defendants' motion to dismiss the claims for injunctive relief under §§1983,1985 and the breach of contract claims against NCC and the individual defendants acting in their individual capacities.  Plaintiff's current Motion for Leave to Amend the Complaint seeks to add President Sean Fanelli as a defendant in his individual capacity and to add a claim for Intentional Infliction of Emotional Distress against all defendants.  The defendants oppose the amendments on the ground that the proposed amendments would not survive a motion to dismiss and would thus be futile.

---

[1] On April 7, 2007, the Promotion and Tenure Committee (the "Committee") issued its decision in Staskowski's tenure dismissal hearing, finding her guilty of 4 of the 5 charges levied against her.  However, the Committee also found that the charges did not warrant the de-tenuring of Staskowski and instead offered several conditions upon which Staskowski's return would be premised.  On April 18, 2007, President Fanelli adopted the Committee's findings. These facts have not been added to the proposed amended complaint.

3

**DISCUSSION**

Rule 15(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that "a party may amend [its] pleading . . . by leave of court," and that "leave shall be freely given when justice so requires." Fed. R. Civ. P. 15(a); *see also Pangburn v. Culbertson,* 200 F.3d 65, 70 (2d Cir. 1999) (quoting *Foman v. Davis,* 371 U.S. 178, 182 (1962)). Amendments are generally favored because they tend to "facilitate a proper decision on the merits." *Blaskiewicz v. County of Suffolk,* 29 F. Supp. 2d 134, 137 (E.D.N.Y. 1998) (internal citations omitted). The decision of whether to grant or deny a motion to amend is made at the discretion of the court, taking into consideration such factors as undue delay, prejudice to the defendants, and futility of the proposed amendments. *See MacDraw, Inc. v. CIT Group Equip. Fin., Inc.,* 157 F.3d 956, 962 (2d Cir. 1998); *Harrison v. NBD, Inc.,* 990 F. Supp. 179, 185 (E.D.N.Y. 1998).

The party opposing an amendment has the burden of establishing that leave to amend would be prejudicial or futile. *See Blaskiewicz*, 29 F. Supp. 2d at 137-38 (citing *Harrison,* 990 F. Supp. at 185). "In making this determination, the court should not consider the merits of a claim or defense on a motion to amend unless the amendment is 'clearly frivolous or legally insufficient on its face." *Id.* at 138 (quoting *Northbrook Nat'l Ins. Co. v. J&R Vending Corp.,* 167 F.R.D. 643, 647 (E.D.N.Y. 1996)). "'If the movant has at least colorable grounds for relief, justice . . . require[s]' that the court grant leave to amend a complaint." *Id.* (quoting *Golden Trade , S.r.L. v. Jordache,* 143 F.R.D. 504, 506 (S.D.N.Y. 1992) (additional citations omitted)).

Under these liberal standards, the undersigned recommends that the amendment adding Sean Fanelli in his individual capacity be allowed. Although the factual allegations about President Fanelli are quite sparse, consisting of the allegation that he found probable cause for

Staskowski's dismissal based on defendant Muth's investigation, it is not clear that the claims against him would not withstand a motion to dismiss. In making this determination, the "'issue to consider is not whether the plaintiff will ultimately prevail but whether [she] is entitled to offer evidence to support the claims.'" *Scafidi v. Baldwin Union Free School District,* 295 F. Supp. 2d 235, 238 (E.D.N.Y. 2003) (quoting *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir. 1995)). Here, President Fanelli was involved, however peripherally, in the acts complained of, and the plaintiff may be able to prove some or all of her claims against him, that is, that he engaged in a conspiracy to deprive, and did deprive, her of her constitutional rights to due process and equal protection. The undersigned notes that a number of President Fanelli's legal arguments regarding Staskowki's due process and equal protection claims were unsuccessfully raised by the individual defendants in their earlier motion to dismiss.

The proposed claim of Intentional Infliction of Emotional Distress should not, however, be allowed. "An essential element of a claim for intentional infliction of emotional distress is a showing that the defendant's conduct was 'so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community.'" *Montefusco v. Nassau County*, 39 F. Supp.2d 231 (E.D.N.Y. 1999) (quoting *Murphy v. American Home Products Corp.*, 58 N.Y.2d 293 (1983)).

The behavior complained of by Staskowski does not rise to the level of atrocity that this claim requires. The conduct alleged here is the suspension of the plaintiff with pay and the commencement of disciplinary proceedings against her. These factual allegations are, on their face, insufficient to support a claim that the defendants' acts were so outrageous as to be considered beyond all possible bounds of common decency. Therefore, because her claim for

intentional infliction of emotional distress would not survive a Rule 12(b)(6) motion to dismiss, leave to amend to add this claim against all defendants should be denied. *See Riscili v. Gibson Guitar Corp.,* 2007 U.S. Dist. LEXIS 49925 *12-17 (S.D.N.Y. July 10, 2007)

## OBJECTIONS

A copy of this Report and Recommendation is being sent to counsel for all parties by electronic filing on the date below. Any objections to this Report and Recommendation must be filed with the Clerk of the Court with a courtesy copy to the undersigned within 10 days. Failure to file objections within this period waives the right to appeal the District Court's Order. *See* 28 U.S.C. §636 (b) (1); Fed. R. Civ. P. 72; *Beverly v. Walker,* 118 F.3d 900, 902 (2d Cir. 1997); *Savoie v. Merchants Bank,* 84 F.3d 52, 60 (2d Cir. 1996).

Dated: Central Islip, New York
September 4, 2007

    s/ William D. Wall
WILLIAM D. WALL
United States Magistrate Judge