UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
ANDREA STASKOWSKI,

                    Plaintiff,

                     **OPINION & ORDER**
                     05-CV-5984 (SJF)(WDW)

    -against-

COUNTY OF NASSAU, NASSAU COMMUNITY
COLLEGE, JOHN C. OSTLING, LINDA SUSMAN,
RUTH GOLDFARB, ESTHER BOGIN, FRAN GULINELLO,
JILL BURGREEN, JILL COHEN and ANN MUTH,

                    Defendants.
------------------------------------------------------------X
FEUERSTEIN, J.

I.    Introduction

Plaintiff Andrea Staskowski ("Plaintiff") commenced this action on December 22, 2005, against defendants the County of Nassau, Nassau Community College ("the College"), and individual defendants employed by the College acting in their official and individual capacities (collectively "Defendants").

Plaintiff alleges violations of due process and equal protection of the law under the United States Constitution in violation of 42 U.S.C. §§ 1983 and 1985 and breach of the collective bargaining agreement between the College and Nassau Community College Federation of Teachers, of which Plaintiff is a member. On November 16, 2006, Defendants moved for dismissal pursuant to Fed. R. Civ. P. 12(b)(6), and this Court dismissed Plaintiff's §1983 and §1985 claims for punitive and compensatory damages, as well as her breach of contract claims against the College and the individual defendants acting in their official

capacities, but denied Defendants' motion to dismiss the claims for injunctive relief under §§1983,1985 and the breach of contract claims against NCC and the individual defendants acting in their individual capacities.

On June 8, 2007, Plaintiff moved for leave to amend her complaint by (1) adding Sean Fanelli ("Fanelli"), President of the College, as a defendant in his individual capacity; and (2) adding a claim for intentional infliction of emotional distress against all defendants. The motion was referred to Magistrate Judge Wall, who issued a Report and Recommendation (the "Report") on September 4, 2007, recommending that Plaintiff's motion be granted to add Fanelli as a defendant, but denied as to the added claims for intentional infliction of emotional distress.

Both Defendants and Plaintiff timely filed objections to Magistrate Judge Wall's Report and Recommendation by letters dated September 13 and 14, 2007, respectively. For the reasons stated herein, Magistrate Judge Wall's Report and Recommendation is adopted in its entirety.

II.     Standard of Review

A district judge may designate a magistrate judge to conduct hearings and to submit proposed findings of fact and recommendations for the disposition by a district judge. 28 U.S.C. § 636(b)(1)(B). Rule 72 of the Federal Rules of Civil Procedure permits magistrate judges to conduct proceedings on dispositive pretrial matters without the consent of the parties. Fed. R. Civ. P. 72(b). Any portion of a report and recommendation on dispositive matters, to which a timely objection has been made, is reviewed *de novo.* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Whether or not proper objections have been filed, a district

2

judge may, after review, accept, reject, or modify any of the magistrate judge's findings or recommendations. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).

III. Analysis

    A.    Defendants' Objection

Defendants object to the Report inasmuch as it recommends that Plaintiff be allowed to amend her complaint to add Fanelli as a defendant. Defendants argue that the claims against Fanelli would not survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, because (1) Plaintiff fails to indicate a nexus between her claimed injuries and any of Fanelli's actions; (2) Fanelli would be protected by qualified immunity as an agent of the government.

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, leave to amend pleadings "shall be freely given when justice so requires." Leave to amend should be denied "only because of undue delay, bad faith, futility, or prejudice to the non-moving party, and the decision to grant or deny a motion to amend rests within the sound discretion of the district court." At the Airport v. ISATA, LLC, 438 F. Supp. 2d 55, 65 (E.D.N.Y. 2006). A proposed claim is "futile" if it would fail to survive a motion to dismiss pursuant to Rule 12(b)(6). Id. Thus, the question is "not whether a plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims.'" Villager Pond, Inc. v. Town of Darien, 56 F.3d 375, 378 (2d Cir. 1995) (internal quotations and citation omitted). Thus, though the factual allegations against Fanelli are, as Magistrate Judge Wall noted, "sparse," Defendant is nonetheless entitled to offer evidence to support her claims against Fanelli. Accordingly, Defendants' objection is overruled.

B.      Plaintiff's Objection

Plaintiff objects to the Report insofar as it denies her request to add a claim for intentional infliction of emotional distress to her claim. The allegations of suspension of Plaintiff with pay and the commencement of disciplinary proceedings against her do not rise to the level of the "extreme and outrageous" conduct necessary to state a *prima facie* claim for intentional infliction of emotional distress. Higgins v. Metro-North R.R., 318 F.3d 422, 426 (2d Cir. 2003) Thus, Plaintiff's objection is overruled.

IV.    Conclusion

Upon a *de novo* review of the Report, and upon careful consideration of both parties' objections, Magistrate Judge Wall's Report and Recommendation is AFFIRMED and ADOPTED in its entirety as an Order of the Court. Pursuant to Magistrate Judge Wall's Report and Recommendation, Plaintiff's motion to amend her complaint is DENIED in part and GRANTED in part.

IT IS SO ORDERED.


_____/s/_____
Sandra J. Feuerstein
United States District Judge

Dated: November 21, 2007
Central Islip, New York

4

Copies to:

| | |
|---|---|
| Alan E. Wolin<br>Wolin & Wolin, Esqs.<br>420 Jericho Turnpike<br>Suite 215<br>Jericho, NY 11753 | Julie A. Torrey<br>Ingerman Smith, LLP<br>150 Motor Parkway<br>Suite 400<br>Hauppauge, NY 11788 |